UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CCD HOLDINGS, LLC                                              PLAINTIFF

vs.                              CASE NO. 4:19-CV-00102 JM

CENERGY USA, INC., et al.                                   DEFENDANTS

<u>ORDER</u>

Pending is a motion for attorneys' fees filed by Defendants Cenergy USA, Inc., Magic Dirt LLC, and Magic Dirt Horticultural Products LLC (collectively "Defendants"). (Doc. No. 143). Defendants seek an award of $423,548.00 in attorney's fees and $42,784.57 in costs and expenses incurred in defending against the patent infringement claim brought by Plaintiff CCD Holdings, LLC ("CCD"). The motion is denied for the reasons stated below.

<u>Litigation History</u>

CCD first sued Cenergy in 2015 in the Southern District of Illinois for the infringement of two patents.[1] On receipt of the complaint, Defense counsel faxed CCD's counsel a letter warning of Rule 11 sanctions, citing as its basis the existence of prior art, lack of lack of personal jurisdiction, and that suit was filed "apparently without ever conducting any analysis of the accused product." (Doc. No. 144-1). CCD dismissed that suit shortly thereafter.

In April of 2018, CCD again sued Cenergy over the disputed patents, this time in the Northern District of Illinois. Defendants sent an almost identical Rule 11 warning letter again raising the lack of product testing and adding a venue challenge. The case was ultimately transferred to this Court because of improper venue in Illinois.

Once the case was transferred, Defendants filed a renewed and supplemented joint

---

[1] Case No. 3:15-cv-655. At issue were U.S. Patent Number 8,894,879 B2 and U.S. Patent Number 8,893,652 B2, both issued on November 25, 2014.

motion to dismiss the First Amended Complaint (FAC) for failure to state a claim. After reviewing Defendants' extensive arguments addressing "the form of their product versus the patent claims, the interpretation and calculation of 'density fiber,' density ranges, plausibility of alternative commercial uses, etc.," the Court denied the motion.  The Court held that the "allegations of the FAC, which include the chart at Exhibit D comparing each element of the claim language of the patents with the allegedly infringing product, sufficiently state a claim for direct infringement." (Doc. No. 59, p. 3).

Next, without objection from Defendants, Plaintiff was given leave to amend its complaint a second time to add additional infringement claims based on a new patent it had been issued during the pendency of the action.[2]  Defendants filed a counterclaim seeking declaratory judgment that they did not infringe any of the patents, that each of the three patents was invalid, and that the most recent patent was unenforceable for intentional failure to disclose relevant prior art.  CCD moved to dismiss the counterclaims The Court denied the motion to dismiss the declaratory judgment counterclaim, finding "it is clear that there is substantial controversy between these parties surrounding the patents at issue to validate Defendants' pursuit of a declaratory judgment[.]" (Doc. No. 87). But the Court granted the motion to dismiss the counterclaim for intentional failure to disclose prior art.  This claim did not meet the heightened standard of pleading required to establish intent to deceive the PTO.

A Markman hearing was held on January 8, 2020 followed by post-hearing briefing.  A claim construction order was ultimately entered on September 27, 2021.[3] (Doc. No. 119).

_____

[2] The second amended complaint added U.S. Patent Number 10,244,730 B2 issued on April 2, 2019.
[3] The order also addressed the pending motion to exclude evidence presented at the Markman hearing, Plaintiff's motion for sanctions against all Defendants and their counsel, and a motion for severance and stay as to the Wal-Mart defendants.

Throughout the claim construction process, the parties worked together to present the Court with a chart of disputed terms.  Ultimately, they were able to agree on two of the terms, leaving five disputed. (Presented in Doc. 102-2 as a revised chart.)

The term "solvent" was one of the disputed terms. The only issue left was whether solvent should be defined as "a substance combined with the lignocellulosic fiber, and which dissolves or disperses, *or is capable of dissolving or dispersing*, one or more other substances," as proposed by CCD or whether the italicized phrase should be eliminated from the definition as proposed by Defendants. The Court adopted Defendants' definition, finding that "in the context of the patents-in-suit, the solvents are actually functioning and not just capable of functioning." (Doc. No. 119 p. 5).

Shortly after the claim construction order was entered, Defendants moved for summary judgment on CCD's claims. In its response, CCD agreed with the law cited by Defendants but disputed that Defendants were entitled to summary judgment.  CCD argued, in part, that more discovery was needed on the process of creating Magic Dirt, the infringing product, including when the solvent was added in the process. CCD also argued that pine bark could function as a solvent in this context, an argument that the Court found strained. The Court declined to exercise its discretion to allow CCD more time to conduct discovery and granted Defendants' motion for summary judgment. (Doc. No. 132). Defendants ultimately decided not to pursue their counterclaims and moved for dismissal without prejudice, which was granted. (Doc. No. 141). Defendants now seek to recover their attorneys' fees for having to defend what they argue is an exceptional case.

<u>Analysis</u>

Pursuant to 35 U.S.C. § 285, a court is authorized "in exceptional cases" to "award

reasonable attorney fees to the prevailing party" in a patent infringement suit.  The Supreme Court defined an exceptional case as "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness*, 572 U.S. 545, 554 (2014).  "District courts are directed to determine if a particular case is exceptional on a case-by-case basis, in the exercise of the district court's discretion, taking account of the totality of the circumstances." *OneSubsea IP UK Ltd. v. FMC Techs., Inc.*, 68 F.4th 1285, 1291 (Fed. Cir. 2023).

Defendants put forth five arguments that this in an exceptional case.[4] The first two address the substantive strength of CCD's litigation position.  Defendants focus on the term solvent, arguing first that CCD's rationale for its "overly broad claim construction and interpretation of the term solvent was legally and factually weak. Defendants argue that CCD's position on the term's meaning was "exceptionally weak" in that it "contradicted commons sense" and the patents' prosecution history as well as disregarding "basic science and the basis tenets governing claim construction." (Doc. No. 144, p. 8).  Defendants first cite to the argument they made in their motion to dismiss the FAC in which they asserted that the water in Magic Dirt "was merely the inherent moisture content of the AD Fiber" and not a solvent. The Court was unconvinced by their argument at that time and denied the motion to dismiss. Second, Defendants cite to CCD's refusal "to even consider" Defendants' definition of that term.   They characterize the SAC as a doubling down of CCD's "disdainful claim construction" for the term solvent.  Essentially, they argue that had CCD not disagreed with Defendants' "focus on the

---

[4] In their brief, Defendants list these arguments as "prime examples" of CCD's weak and unreasonable litigation position and indicate that the list is not exclusive, that these are "among other things."  The Court will only address those arguments put forth by Defendants.

intrinsic functional aspects" of the term, neither the Court's nor their resources would have been wasted. Defendants cite to CCD's lack of evidence to support their theory of what the term solvent was intended to mean.

The Court finds that neither of these challenges to the substantive strength of CCD's litigation position make this case exceptional. It is not exceptional for a plaintiff to continue to disagree with a defendant, even if the defendant's position prevails. While the Court found CCD's argument about pine bark being a solvent to be strained, both parties proposed a construction of the term solvent that included the disjunctive phrase "dissolves or disperses." The Court kept that phrase in its construction of "solvent," which left room for CCD's attorneys to argue an alternate theory of infringement. Defendants themselves argue that the "novelty, difficulty and complexity" of this case supports the reimbursement of all their attorneys' fees. (Doc. 144, p. 17).

Defendants put forth three arguments that the case was litigated in an unreasonable manner. First, they assert that CCD failed to subject the readily-available Magic Dirt to routine tests to determine whether it actually infringed on any of the asserted claims. Testing is not required as part of a pre-filing investigation.  "We have explained that testing of an accused product is not *necessarily* a required part of an adequate pre-filing investigation. Whether testing is necessary for a responsible accusation of infringement necessarily depends on the availability of the products at issue, the existence and costs of testing, and whether other sufficiently reliable information exists. *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1360 (Fed. Cir. 2019) (internal citations omitted). The Court finds that the detailed claims comparison chart Plaintiff submitted with its FAC (Doc. 23-4) demonstrates that Plaintiff conducted adequate pre-filing investigation.

Next, Defendants point out that CCD twice filed suit in Illinois where venue was not proper. As CCD points out, it dismissed the first suit it brought in the Southern District of Illinois before a responsive pleading was filed.  CCD refiled in the Northern District of Illinois. That Court found that while the WalMart Defendants did not contest venue, venue was improper as to Defendant Cenergy. (Doc. No. 40) The fact that Plaintiff was wrong about venue being proper in the Northern District of Illinois as to Cenergy does not lead to the conclusion that the case was unreasonably litigated.  This Court finds that CCD sought venue discovery and made a reasonable argument in support of its argument that venue was proper under the alternate prong of the patent venue statute (28 S.S.C. § 1400(b).  (Doc. No. 35 at 2-4).

Finally, Defendants argue that CCD's three patents have never been commercialized "and it appears CCD is merely collecting patents for litigation purposes." (Doc. No. 144, p. 6). Defendants argue, and CCD doesn't contest, that the patents at issue were not commercialized. In its response, CCD offered argument that it does engage in the business of manufacturing and that one of its principals had been involved in the research and development of other lignocellulosic fiber composites.  While it is a factor to be considered, the Court is not persuaded that lack of successful commercialization in this instance supports Defendants' argument that the case was litigated unreasonably.  Defendants' suggestion that CCD was simply collecting patents for litigation is not supported by the record. In fact, rather than using its patents as "sword to go after defendants for money,"[5] Defendants state that they had made several settlement offers to which CCD had not responded.

Considering the totality of the circumstances, the Court is not persuaded by Defendants' arguments that this is an exceptional case. The discretion to award attorneys' fees pursuant to

---

[5] *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 663, n. 3 (8th Cir. 2022) (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 646, 135 S.Ct. 1920, 191 L.Ed.2d 883 (2015)).

§ 285 allows district courts "to address 'unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force,' which made a case so unusual as to warrant fee-shifting." *Octane Fitness,* 576 U.S. at 549 *(*quoting *Park–In–Theatres, Inc. v. Perkins,* 190 F.2d 137, 142 (C.A.9 1951)). *See also Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376–77 (Fed. Cir. 2017). Nothing in its review leads the Court to conclude that this case stands out from others in terms of its lack of substantive strength or the manner in which it was litigated.

CCD challenged the timeliness of Defendants' motion for attorneys' fees. The Court finds no merit in this argument.  The motion for fees was filed on the fourteenth day of the entry of a final appealable order in this case.

Therefore, Defendant's Motion for Attorney's Fees (Doc. No. 143) is DENIED.

IT IS SO ORDERED, this 10th day of January, 2024.

UNITED STATES DISTRICT JUDGE